JEFFREYS & STRIBLING, APPELLANTS, VS. J. C. GREELEY, APPELLEE.

In an action of replevin, on the trial and before instructing the jury, the court asked the plaintiff to elect whether he would take the property or its value in case he should have a verdict, and plaintiff elected to take the value, the property having been redelivered to the defendants. Thereupon the court charged the jury that if they found for the plaintiff they should "assess the damages at whatever sum may have been proven as the value" of the property, and the jury found for the plaintiff and "assessed the *damages*" at a sum warranted by the proof of the value. Judgment having been entered for the amount of damages so found, defendants moved to vacate the judgment on the ground that the verdict should have assessed the *value* of the property and not *damages*, which motion was denied. On appeal it is held that the finding of the sum as "damages" was, under the circumstances and the charge of the court, a finding of the "value of the property," and the plaintiff electing to take judgment for the value

was entitled to his judgment for the amount so found by the jury, and there is no substantial error in the judgment.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*John T. & Geo. U. Walker* for Appellants.

This was an action of replevin under the statutory provisions collected on pages 300–3, McClellan's Digest, in which the appellee, who was the plaintiff in the Circuit Court, obtained judgment.

The declaration is in form to recover certain specific articles of personal property therein described ; the plea was, "not guilty."

The only testimony as to the particular point made in this appeal was given by the plaintiff himself, and was as follows : In answer to his attorney's question as to the value of the property, he said : " I have been offered $175 for it ; I believe it is worth that sum, and would take $185 for it." On being cross-examined he said he could not give the market value of said property (furniture) in any other way than he had already done.

The verdict is in the following form : " We, the jury, find the defendants guilty, and assess the damages at one hundred and seventy-five dollars. December 3d, 1883. W. M. Bostwick, Foreman."

The judgment which the plaintiff selected to have entered in the exercise of his statutory right to elect is in the following words : " December 3d, 1883. * * * * * * Whereupon it is considered and adjudged that the plaintiff have and recover of and from the defendants one hundred and seventy-five dollars, besides his costs in this behalf expended now here taxed at "—.

The defendants moved to vacate the judgment on the grounds stated in their motion, and this was denied. It is

from the refusal of the court to vacate said judgment we appeal.

We contend that under the law, (see sec. 17, pages 862–3, of McClellan's Digest,) the plaintiff could not take judgment for damages as was done. In this case, after seizure of the property for plaintiff, it was redelivered to defendants, they giving bond, and the plaintiff maintained his suit on the trial. See McClellan's Digest, *supra*.

The only testimony as to value was that of the plaintiff already quoted. The court gave the jury a charge at defendants' request, which is undoubtedly the law in regard to what alone must be considered value.

The jury found for the plaintiff and assessed damages. We hold this verdict to be in its legal effect a finding that plaintiff recover the property, *and this alone. Any other construction* makes it *meaningless.* The basis of recovery of damages must either be the value of the property, that is its *market value,* or some proof to show injury to the plaintiff from being deprived of the use and enjoyment of his property while defendants detained it. Of the latter, there was no *pretense* of proof; as to market value, we contend that what the plaintiff testified did not prove it.

The jury did not say by their verdict " We find that the property is plaintiff's, and that the value is —— dollars." But if they had any such idea and meant to convey it in their verdict, then they went squarely and flatly against the Judge's charge. But we cannot conceive that they *wantonly disregarded* it. They took the charge, looked at the evidence, and finding no proof whatsoever of market value, and being instructed that they could not find value unless market value was proved, and that what plaintiff had been offered or was willing to take was not evidence of market value, this being the sole proof before them on that point, we are compelled to conclude that the jury

meant by assessing *damages* in their verdict that they had reference to the notion of the plaintiff having suffered pecuniary loss from being deprived of his property during the period of its detention. For the purposes of this discussion it is immaterial whether there *was* or *was not* proof of any such loss, the only right the plaintiff had was at his option on a verdict in his favor to take judgment for " the value of the property " or " for the property itself." We admit his right to take the latter judgment. To this the plaintiff must be confined. It is impossible to have judgment for *damages* as such ; the statute excludes it. The plaintiff preferred money to the property, hence his choice. But he cannot take money except for the value of the property. There was not and could not have been any verdict for value under the charge and evidence. There was no verdict for value. The verdict can be construed to have no legal effect save that plaintiff recover the property. For this and nothing else can he take judgment, and to this the defendants are willing.

*R. B. Archibald* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Greeley sued appellants in replevin for a set of parlor furniture, alleging its unlawful detention by them. They gave bond under the statute and the property was returned to them by the sheriff.

Defendants pleaded not guilty and the cause was tried with a jury. Plaintiff testified that he had purchased and owned the property. He said in answer to his attorney's question, " I have been offered one hundred and seventy-five dollars for it. I believe it is worth that sum and would take one hundred and eighty-five for it." On cross-examination, he said he could not give the market value of the

furniture in any other way than he had already done.

Other testimony was given, but the foregoing is all that is necessary to present the legal questions raised.

Before charging the jury the court called on plaintiff's attorney to elect whether he would take the furniture or the value of it in case of a verdict for plaintiff, and plaintiff's counsel announced in open court that he elected to take the value.

The judge then charged the jury as follows: "If the jury believe from the evidence that the furniture in question is the property of the plaintiff and is unlawfully detained by the defendants, you should find a verdict of unlawful detention." And further: "If the jury find for the plaintiff, they should assess the damages at whatever sum may have been proven as the value of the furniture." Exceptions were taken to each paragraph.

At the request of defendants the judge charged the jury: "Before the jury can assess any value for the property they must find from the evidence the market value thereof. What the defendant may have been willing to take, or what any particular individual may have offered him, is no evidence of market value."

The jury found for the plaintiff and "assessed the damages at one hundred and seventy-five dollars." Judgment was entered on verdict. Defendants moved to vacate the judgment on the ground that the verdict is for damages and not for the value of the property; whereas the statute provides that the plaintiff shall take judgment for the "value of the property" or "for the property itself." The motion was overruled. Defendants appeal and assign for error the refusal of the court to vacate the judgment.

Appellants insist that the verdict and judgment are not authorized by the statute.

It is provided that "on the trial of any action of replevin

when the property has been re-delivered to the defendant the same proceedings shall be had as provided by law, except that when the plaintiff in replevin shall maintain his suit it shall be at his option to take judgment for the value of the property and sue out execution therefor, or take judgment for the property itself," &c.  McO. Dig., 862, §17 ; Acts of 1879, ch. 3133.

His argument is that the verdict should have been for plaintiff, and assessing the value of the property.  That this form of verdict would be strictly correct is very evident.  What the form should be is not prescribed by law, but the statute says " when the plaintiff shall maintain his suit, it shall be at his option to take judgment for the value," or for the property itself.  The option may be exercised when he " shall maintain his suit."  He took his judgment for the money, and so exercised his option after verdict.

The option is that of the plaintiff and not that of the defendants, and so it is of no consequence to the defendants whether plaintiff expressed his option before or after verdict.  In fact, if the verdict had been $25 instead of $175, the advantage, if any, would have been on the side of defendants.

In this case, according to the bill of exceptions, before charging the jury the judge asked the plaintiff to express his option, to which the defendants did not object, and the plaintiff in open court announced his election to take the value, and to this the defendants did not object or except, but thereby acquiesced.

The judge then charged the jury that if they should find for the plaintiff they should assess the *damages* at what was proven to be the *value* of the property, and they assessed the " damages " at $175.  The testimony, which was not objected to or excepted to in any manner, named

$175 as the value, and this was the only sum named. So it is evident that the damages so assessed was what they found proven as the value. To say, then, that the jury should have used the word value instead of damages, is in this case a play upon words and did not affect the rights of the parties. The defendants are not injured by the supposed irregularity in the choice of words.

Nor could the jury have been misled by the instruction of the court to assess the damages at the value as proven; it was the value that they were instructed to find, and it was immaterial whether it was called damages or value in reporting the amount found proved. Suppose the plaintiff had not made his election until after this verdict was returned, in which, under the instruction of the court, they had ascertained the value and called it damages? In that case how could it have been erroneous to have allowed the plaintiff to take his option of a judgment for the property, or for the amount so found? Appellants confess that if it had been designated as value the plaintiff could have his judgment for the amount. There is no room for question that the amount named did not include anything beyond what they were authorized by the evidence to find as the value of the property. There is no question raised as to the sufficiency of the evidence, and, indeed, as there was no exception to the testimony and no motion for a new trial, no such question can be considered. Nor is there any question before us as to the correctness of the Judge's charge. The motion here was, after judgment, to vacate it, not to set aside the verdict.

For the reasons before stated we cannot discover how the supposed irregularity complained of could have operated to the disadvantage of the defendants.

The judgment is affirmed.